[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A hearing was held in Norwich Superior Court on December 8, 1997 to decide the following motions:
1) Motion #137 for Contempt dated January 24, 1996 (filed January 29, 1996 by the Defendant)
2) Motion #138 Plaintiff's Objection to Contempt Citation dated February 16, 1996 (filed February 21, 1996 by the Plaintiff)
3) Motion #140 to Open and Modify Judgment dated December 23, CT Page 12836 1996 (filed January 8, 1997 by the Plaintiff).
Both parties were in attendance and represented by separate counsel.
In reaching its decision, the Court considered the information provided at the hearing and reviewed the court file which included the Stipulation dated June 13, 1991, the Financial Affidavits of the parties filed on June 13, 1991 and the Judgment dated June 13, 1991.
The Court finds that there is no showing of a substantial change in the circumstances of either party pursuant to Section 46b-86 of the Connecticut General Statutes. Although the termination of the Plaintiff's life insurance was not intentionally caused by the Plaintiff in order to deprive the Defendant of that coverage, it was caused by his action in dropping his membership in the American Dental Association and therefore is not considered a change in circumstance at this hearing. As soon as the Plaintiff realized that the life insurance had been terminated, he had an obligation pursuant to the Judgment to reinstate that coverage or provide other adequate security for his obligation.
The life insurance order in the Judgment reads as follows: "The Plaintiff shall maintain the Defendant as a beneficiary of his life insurance policy so long as he has an outstanding alimony obligation to her. Said policy shall be in an amount no less than One Hundred Thousand (100,000.00) Dollars. On an annual basis, at the Defendant's request, the Plaintiff shall provide evidence of the continuity of said policy and that the premium is credited." This provision in the Judgment is identical to the language of the Stipulation which was filed at the hearing on June 13, 1991. Upon careful review of the language of the Stipulation and the Judgment and the testimony at the hearing on these motions, it is the Court's further finding that the Plaintiff is required to maintain no less than $100,000.00 of life insurance coverage. The Court specifically finds that the Death Benefit schedule of reduced benefits as set forth in Plaintiff's Exhibit 1 is not controlling as to the amount of life insurance coverage required by this Judgment.
Upon the foregoing motions having been heard and for good cause shown, it is hereby ordered as follows: CT Page 12837
1) Motion for Contempt: The Plaintiff is found to be in contempt of the Court's order to maintain life insurance pursuant to the Judgment of June 13, 1991 at such time as he was aware of the fact that the coverage had been terminated and he was unable to reinstate it through the American Dental Association. This finding of contempt may be vacated upon the issuance of a life insurance policy sufficient to satisfy the Plaintiff's obligation to maintain such policy in an amount no less than $100,000.00 or in lieu of life insurance the substitution of other adequate security such as a transfer of $100,000.00 from Plaintiff's IRA. This Court will retain jurisdiction to resolve any disputes regarding the implementation of this order. The Defendant's request for counsel fees is denied without prejudice to renew said request in the event adequate security is not put in place within 45 days of this order.
2) Plaintiff's Objection to Contempt Citation: denied.
3) Motion to Open and Modify Judgment: denied[1].
James G. Kenefick, Jr., J.